UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MICHELE W.,[1]

           Plaintiff,

   v.

COMMISSIONER, Social Security Administration,

           Defendant.

Case No. 1:22-cv-1531-MK

**OPINION AND ORDER**

KASUBHAI, Magistrate Judge:

    Plaintiff Michele W. seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits (DIB) under Title II of the Social Security Act (the "Act"). The Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). All parties have consented to allow a Magistrate Judge to enter final order and judgment in this case in

---

[1] In the interest of privacy, the Court uses only the first name and last name initial of non-government parties whose identification could affect Plaintiff's privacy.

Page 1 — OPINION AND ORDER

accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). *See* ECF No. 4. For the reasons below, this case is REVERSED.

## PROCEDURAL BACKGROUND

Plaintiff filed her application for DIB on January 25, 2019, alleging disability as of November 22, 2018.[2] Tr. 299; 18. Her application was denied initially and upon reconsideration. Tr. 19. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") and a hearing was held on June 10, 2020. Tr. 61–92. A supplemental hearing was held on August 24, 2021. Tr. 38–60. On September 29, 2021, the ALJ issued a decision finding Plaintiff not disabled within the meaning of the Act. Tr. 16–30. The Appeals Council denied Plaintiff's request for review on September 21, 2022. Tr. 1–5. This appeal followed.

## FACTUAL BACKGROUND

Born in 1967, Plaintiff was 51 years old on her alleged onset date. Tr. 229-35. She has past work experience as an insurance clerk, receptionist, real estate agent, and retail manager. Tr. 29. Plaintiff alleged disability due to a spine disorder, chronic pain, depression, osteoarthritis in bilateral knees, and fibromyalgia. Tr. 22.

## LEGAL STANDARD

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court

---

[2] "Tr." refers to the Transcript of Social Security Administrative Record provided by the Commissioner. ECF No. 12-1.

must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920.  First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. § 404.1520(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. § 404.1520(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. § 404.1520(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141. At step three, the Commissioner determines whether the impairments meet or

equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. § 404.1520(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141.

At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), which is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations his impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)–(c). At the fourth step, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. § 404.1520(e). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n.5. At step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. § 404.1520(e)–(f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1566.

## THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff met the insured requirements of the Act and had not engaged in substantial gainful activity since the amended alleged onset date of November 22, 2018. Tr. 21. At step two, the ALJ found that Plaintiff had the following severe impairments: "spine disorder; osteoarthritis in bilateral knees; obesity; fibromyalgia; and chronic pain syndrome." Tr. 22. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment.

Tr. 24-25. The ALJ then assessed Plaintiff's RFC and found Plaintiff was capable of performing light work with the following limitations:

> She can occasionally climb ramps, stairs, ladders, ropes, or scaffolds. She can occasionally stoop, kneel, crouch, and crawl. She can frequently balance. She can tolerate no exposure to temperature extremes, vibrations, or hazards. She can tolerate occasional exposure to fumes, odors, dusts, gases, poor ventilation consistent with an indoor office-like environment.

Tr. 26.

At step four, the ALJ found Plaintiff was able to perform her past relevant work as an Insurance Clerk, Receptionist, Sales Agent Real Estate, and Retail Manager. Tr. 29. The ALJ therefore concluded that Plaintiff was not disabled. Tr. 30.

## DISCUSSION

Plaintiff argues that the ALJ erred in (1) his consideration of her Tarlov cysts, which he found to be nonsevere at step two of the sequential evaluation; and (2) by rejecting her subjective symptom testimony. Plaintiff asks the Court to remand for further proceedings, "including a *de novo* hearing, the opportunity to submit additional evidence, and to obtain medical and vocational expert testimony" because the ALJ committed harmful error. Pl.'s Br., ECF No. 10.

**I.    Subjective Symptom Testimony**

Plaintiff first argues that the ALJ rejected her symptom testimony for reasons that were neither clear nor convincing. Pl.'s Br., ECF No. 10. When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (internal citation omitted). A general assertion that the claimant is not credible is

insufficient; instead, the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted). If the ALJ's finding regarding the claimant's subjective symptom testimony is "supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (internal citation omitted).

Social Security Ruling ("SSR") 16-3p provides that "subjective symptom evaluation is not an examination of an individual's character," and requires that the ALJ consider all the evidence in an individual's record when evaluating the intensity and persistence of symptoms. SSR 16-3p, *available at* 2016 WL 1119029, at *1–2. The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id*. at *4.

During the administrative hearing, Plaintiff testified that she was unable to maintain gainful employment in part because of an inability to concentrate. Tr. 75. Additionally, she testified that she could sit for no more than 30 minutes at a time without having to "get up and move." Tr. 76. Plaintiff testified while standing, pain sometimes extends to her knees and requires her to lie down in bed. *Id.* She also testified that lifting more than ten pounds can also require her to lie down. Tr. 82. When Plaintiff lies down, she is "in bed for an entire day, maybe

two days" due to pain and this occurs "three days out of a week." Tr. 76-77. Additionally, Plaintiff testified she cannot lift her grandchildren due to pain-related limitations. Tr. 82.

The ALJ rejected Plaintiff's subjective symptom testimony on the grounds that while Plaintiff's impairments could reasonably be expected to cause some of the alleged symptoms, Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms [were] not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in [the] decision." Tr. 26. The Commissioner asserts that the ALJ properly rejected Plaintiff's subjective symptom testimony for three reasons: (1) the testimony was inconsistent with the objective medical evidence; (2) Plaintiff's treatment was conservative and (3) the testimony contradicted her reported activities.

As a first reason for rejecting Plaintiff's testimony, the ALJ alleged that the testimony was inconsistent with the objective medical evidence that Plaintiff has "a slow and steady gait, with normal range of motion, intact cranial nerve function, intact coordination, intact motor function, with five out of five muscle strength, as well as intact sensation, reflexes, and muscle tone." Tr. 28. This evidence is not inconsistent with Plaintiff's testimony that she is disabled by her fibromyalgia symptoms. "Typical symptoms of fibromyalgia include chronic pain throughout the body, multiple tender points, fatigue, and stiffness even though the individual demonstrates muscle strength, sensory functions, and reflexes [that] are normal." Pl.'s Br. 12 ECF No. 10 (citing *Revels v. Berryhill*, 874 F.3d 648, 656 (9th Cir. 2017) (internal quotation marks omitted)). What is unusual about the disease is that those suffering from it have "muscle strength, sensory functions, and reflexes [that] are normal." *Id.* Due to the nature of Plaintiff's impairment, Plaintiff's testimony regarding her pain and limited range of motion in her spine is not

inconsistent with the objective evidence of her degenerative disk disease, fibromyalgia, and osteoarthritis.

The ALJ also found that "[t]here was no indication of any significant underlying neurocognitive condition, despite the claimant's statements to the contrary, including ongoing 'brain fog.'" Tr. 28. However, the ALJ did not explain how the absence of a "significant underlying neurocognitive condition" undermines or contradicts Plaintiff's testimony regarding her inability to concentrate. Tr. 28. Here, Plaintiff's inability to concentrate was allegedly due to pain. An ALJ may not "reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 678 (9th Cir. 2005). On this record, because Plaintiff's testimony was not contradicted by the objective medical record, the alleged contradiction does not constitute a legally sufficient reason for rejecting Plaintiff's testimony. *See Dodrill*, 12 F.3d, 918 (it is "not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible").

As a second reason for rejecting Plaintiff's testimony, the ALJ found that Plaintiff had "not generally received the type of medical treatment one would expect for a totally disabled individual." Tr. 28. A claimant's treatment record is a relevant consideration for the ALJ to consider in evaluating subjective complaints. *See* 20 C.F.R. §§ 404.1529(c)(1)–(3), 416.929(c)(1)–(3). "Unexplained, or inadequately explained, failure to seek treatment," absent a good reason, can suffice as a clear and convincing rationale to discount testimony. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). However, ALJs are required to consider "any explanations that the individual may provide, or other information in the case record, that may explain" the failure to follow a treatment plan. *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007)

Page 8 — OPINION AND ORDER

(quotation omitted); *see also* SSR 16-3p at *9 ("We will not find an individual's symptoms inconsistent with the evidence in the record on this basis without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints.").

Here, the ALJ's rejection of Plaintiff's testimony for failure to seek treatment fails for at least two reasons. First, the record reflects that Plaintiff did seek treatment. Plaintiff underwent "physical therapy, TENS therapy, anti-inflammatories, steroids, muscle relaxers, nerve relaxers, SI joint injections, and trigger point injections, as well as over-the-counter and prescription pain medication." Tr. 27. Second, the ALJ did not consider possible explanations for the nature and extent of Plaintiff's treatment. Specifically, the ALJ did take into account the dearth of aggressive treatment options for fibromyalgia and chronic pain syndrome. Pl.'s Br. 13 ECF No. 10 (citing tr. 28). Additionally, Plaintiff explained at the hearing that she was hesitant to undergo surgery for her Tarlov cysts due to the recency of another procedure and the lack of guaranteed success from the surgical option. Tr. 44.

As a third reason for rejecting Plaintiff's testimony, the ALJ found that Plaintiff's "alleged limitations are not fully supported by her reported activities in the medical and other evidence of record." Tr. 28. Activities of daily living can form the basis of an ALJ's rejection of a claimant's testimony in two ways: (1) as evidence a claimant can work if the activities "meet the threshold for transferable work skills"; or (2) where the activities "contradict [a claimant's] testimony." *Orn*, 495 F.3d at 639. A claimant, however, need not be utterly incapacitated to receive disability benefits, and sporadic completion of minimal activities is insufficient to support a negative credibility finding. *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001);

*see also Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (requiring the level of activity to be inconsistent with the claimant's alleged limitations to be relevant to his or her credibility).

Here, the ALJ noted Plaintiff "indicated that [she] could perform adequate self-care, care for her pets, drive a car, use a computer, perform simple household chores, manage her finances, engage in hobbies, and go out to the store" and "enjoyed spending time with her children and grandchildren." Tr. 28. The Ninth Circuit has instructed that a modest level of activity is not sufficient to reject subjective complaints. *See Vertigan*, 260 F.3d at 1050 ("This court has repeatedly asserted that the mere fact that a Plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled") (quoting *Fair*, 885 F.2d at 603). The ALJ's discussion of Plaintiff's daily activities failed to explain "what symptom testimony [was] not credible and what facts in the record lead to that conclusion." *Smolen*, 80 F.3d at 1284; *see also Dodrill*, 12 F.3d at 918. As this Court has explained, "an ALJ's mere recitation of a claimant's activities is insufficient to support rejection of the claimant's testimony as a matter of law." *Shirley C. v. Comm'r, Soc. Sec. Admin.*, No. 1:20-cv-01212-MK, 2021 WL 3008265, at *6 (D. Or. July 15, 2021). Other than summarizing Plaintiff's activities, the ALJ did not explain how the listed activities undermined Plaintiff's subjective symptom testimony; the ALJ merely concluded that these activities were inconsistent with Plaintiff's allegations. Tr. 28. This was error. *Vertigan*, 260 F.3d at 1050.

In sum, the ALJ erred in rejecting Plaintiff's subjective symptom testimony because he failed to provide specific, clear, and convincing reasons as to why her testimony contradicted, or was undermined by, the objective medical record, her level of treatment, and her activities of

daily living. Because the ALJ committed harmful error, remand for further proceedings is appropriate and the Court need not consider Plaintiff's second assignment of error.

## CONCLUSION

This case is REVERSED and REMANDED for further proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

DATED this 7th day of August 2023.

s/ Mustafa T. Kasubhai  
MUSTAFA T. KASUBHAI (He / Him)  
United States Magistrate Judge